UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY KIMBROUGH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-cv-01825 ERW (LMB) |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER</u>**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton. ECF No. 13.

The Court notes that no objections were filed to the Magistrate's Report and Recommendation within the time period afforded by 28 U.S.C. § 636(b)(1). Upon consideration of the issues, the Court hereby sustains, adopts, and incorporates the Magistrate's Report and Recommendation in its entirety.[1]

---

[1] The substance of the Report and Recommendation is in all respects correct. The Court notes the following modifications:
 On page two: On November 27, 2007, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. *See* Resp't Ex. H.
 On page five: With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." 529 U.S. at 413.
 On page five: Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue "if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [that rule] to the facts of the particular state prisoner's case." *Id.* at 407.
 On page five: Although the Court failed to specifically define "objectively unreasonable," it observed that "an *unreasonable* application of federal law is different from an *incorrect*

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Bobby Kimbrough's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a Certificate of Appealability as to any claim raised in Petitioner's § 2254 Petition.

Dated this 22nd day of February, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

application of federal law." *Id.* at 410.

On page six: The United States Supreme Court, in the recent case of *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012), held that the judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires, therefore abrogating *Riddle*.

On page seven: By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" *Id.* (quoting *Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986) (internal citations omitted).

On page ten: A "general reference to the transcripts, case records, and briefs on appeal patently fails to comply with Rule 2(c)." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).

On page eleven: A petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

On page eleven: When asked by the prosecutor if this instance of assault would affect him if he were selected as a juror, Juror Cunningham stated: "Maybe--no, I don't think it would now. Back then it bothered me, but it doesn't now." *Id.* at 75.

On page seventeen: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). *See Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996).